## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-01455-CJC (SK) | Date | March 4, 2020 |
|---|---|---|---|
| Title | David Marshall v. Santa Barbara County Sheriffs Department | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge | |
|---|---|---|
| Connie Chung | | n/a |
| Deputy Clerk | | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None present | | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a wheelchair-bound inmate at the Santa Barbara County Jail seeking to proceed in forma pauperis with a civil rights complaint against the Santa Barbara County Sheriff's Department. He claims that the Department failed to provide access to outside exercise equipment suitable for wheelchair-bound inmates and that Department "rules" compound this problem by banning other forms of recreation (like books or playing cards) in the exercise yard. (ECF 1 at 8, 14-15). He seeks a declaratory judgment, injunctive relief, and monetary damages under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). He also seeks relief under California's Unruh Civil Rights Act and Disabled Persons Act ("DPA"). (*Id*. at 14-16). Because Plaintiff seeks redress from a governmental entity, however, the Court must screen the complaint to identify cognizable claims on which relief may be granted. *See* 28 U.S.C. § 1915A(a)-(b). For the reasons below, Plaintiff's claims are subject to dismissal for lack of administrative exhaustion.

First, the Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to exhaust all available administrative remedies before challenging prison conditions under the ADA or § 1983. *See* 42 U.S.C. § 1997e(a); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060-61 (9th Cir. 2007). In California, an inmate must complete three levels of formal administrative review to exhaust a complaint. *See* 15 Cal. Code Reg. § 3084.7 (2011). An appeal is not exhausted until the prisoner has completed the third level of review. *See id*. § 3084.1(b). Yet the grievance form Plaintiff attached to his complaint, on its face, shows that he has not exhausted his claims. (ECF 1 at 2, 17). And nothing in the grievance form challenges the ban on alternative recreation in the exercise yard, so this claim has not been raised even at the first level. *See O'Guinn*, 502 F.3d at 1062. Until Plaintiff exhausts his federal claims fully, the Court lacks subject matter jurisdiction over this action. *See Lira v. Herrera*, 427 F.3d 1164, 1170-71 (9th Cir. 2005); *see also Eha v. Cal. Ins. for Men*, 2015 WL 8664155, at *1 (C.D. Cal. Dec. 10, 2015) (dismissing action after plaintiff failed to show exhaustion of available administrative remedies in first amended complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01455-CJC (SK) | Date | March 4, 2020 |
|---|---|---|---|
| Title | David Marshall v. Santa Barbara County Sheriffs Department | | |

Second, the California Government Claims Act requires that plaintiffs administratively exhaust any claims for damages before filing a suit under the Unruh Act or the DPA. *See* Cal. Gov't Code § 945.6(a)-(c); *see also Pickering v. Enenmoh,* 722 Fed. App'x 695, 696 (9th Cir. 2018) ("Claim presentation requirements under the California Government Claims Act . . . are 'elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action.'" (citation omitted)). Yet Plaintiff alleges no "facts demonstrating or excusing compliance with the claim presentation requirements" of the Act. *Butler v. Los Angeles County,* 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (citation omitted); *see Archer v. Pixley,* 2019 WL 5773661, at *7 (C.D. Cal. Sept. 25, 2019) (requiring plaintiff to allege facts showing "compliance with the government presentation requirements under California law," including "first present[ing] a written claim to the public entity"), *adopted by* 2019 WL 5748203 (C.D. Cal. Nov. 5, 2019). Without those facts properly alleged, Plaintiff's claims for damages under California state law cannot proceed. (ECF 1 at 15).

For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** in writing on or before **April 3, 2020** why his complaint should not be dismissed for lack of administrative exhaustion. Alternatively, Plaintiff may discharge the order to show cause by filing a notice of voluntary dismissal without prejudice using the attached form CV-09.

**Failure to file a voluntary dismissal or a timely response to this order may result in involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**